IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TROY DOUGLAS STOMBERG-TOMPKINS, | Case No. 3:25-cv-00337-JR |
| Petitioner, | Case No. 3:25-cv-00338-JR |
| | Case No. 3:25-cv-00339-JR |
| v. | Case No. 3:25-cv-00340-JR |
| STATE OF OREGON, | **ORDER TO DISMISS** |
| Respondent. | |

**IMMERGUT, District Judge**

Petitioner, an adult in custody as a pretrial detainee at the Yamhill County Jail, brings these 28 U.S.C. § 2241 habeas corpus actions as a self-represented litigant. For the reasons that follow, the Court summarily DISMISSES the Petition for Writ of Habeas Corpus filed in each of these cases.[1]

In each of the four identical petitions submitted in these cases, Petitioner alleges he is a pretrial detainee in custody on criminal charges in four separate cases in Yamhill County which pertain to actions taken in connection with his deceased wife's estate. Petitioner names as the sole respondent the "State of Oregon." He alleges three grounds for relief, all of which include

---

[1] Habeas petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal as set forth in Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Under Rule 1(b), the Rules Governing § 2254 Cases apply to 28 U.S.C. § 2241 habeas corpus petitions. Under Rule 4, the court must undertake a preliminary review of each petition for writ of habeas corpus. Upon such review, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1 – ORDER TO DISMISS

language demonstrative that petitioner's claims are rooted in sovereign citizen ideology.[2] By way of remedy petitioner seeks release from custody and discharge of the criminal charges.

On February 20, 2025, petitioner filed a Petition for Writ of Habeas Corpus in *Stomberg-Tompkins*, Case No. 3:25-cv-00278-AN which is identical in every respect to each of the petitions filed in these actions. Because that action remains pending, and because these cases are duplicative of that action, they are subject to summary dismissal. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a court has discretion to dismiss a pleading "that merely repeats pending . . . claims"); *see also Aboikar v. Benov*, No. 1:12-cv-00381-LJO-DLB (HC), 2012 WL 2376219, at *2 (E.D. Cal. June 22, 2012) (dismissing § 2241 petition as duplicative of pending such petition "to promote judicial economy and protect the parties from concurrent litigation of the same claim"). Accordingly, the petitions in these cases are summarily dismissed, without prejudiced to petitioner's right to pursue his claims in Case No. 3:25-cv-00278-AN.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the Petition for Writ of Habeas Corpus in each of these cases is SUMMARILY DISMISSED, without prejudice to petitioner's right to pursue his claims in Case No. 3:25-cv-00278-AN.

IT IS SO ORDERED.

DATED this  5th  day of March 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[2] *See Vasquez v. California Highway Patrol*, No. 2:15-CV-756-JAM-EFB(PS), 2016 WL 232332, at *2 (E.D. Cal. 2016) (explaining "sovereign citizen" ideology).